IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CHRISTOPHER YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATES OF HAWAII DISTRICT COURT JUDGES, *et al.*,<br><br>　　　　Defendants. | Case No. 20-cv-00335-DKW-RT<br><br>**ORDER (1) DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (2) DENYING MOTION TO SEAL; AND (3) DISMISSING ACTION WITH LEAVE TO AMEND.**[1] |

On July 31, 2020, Plaintiff Christopher Young, proceeding *pro se*, filed a civil complaint against the "States of Hawai'i District [C]ourt Judges . . . at the [D]istrict of Hawai'i for the United States" and the "Administrators of the State of Colorado," Dkt. No. 1 at 2, as well as a "Motion Requesting Leave of the Court to Enter Into the Original Exclusive Jurisdiction of this Court Under Maxims of Equity and Petition to Seal All Cases Involved, Ex Parte" (Motion to Seal), Dkt. No. 2.  Rather than pay the civil filing fee, Young also filed a "Motion Requesting Waiver of All Unjust Coasts [*sic*] Under Maxims of Equity #8 Equity Abhors a Forfeiture," which the Court liberally construes, *see Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

Cir. 2013), as a motion to proceed *in forma pauperis* (IFP Motion), Dkt. No. 3.

The Court first concludes that because the IFP Motion does not establish Young's entitlement to *in forma pauperis* status, the IFP Motion is DENIED. Second, even if that was not the case, Young's Motion to Seal is DENIED because he has not shown a "compelling reason" for sealing documents in this case, and the Court lacks the authority to seal the records in cases pending before the Hawaii state courts, even if it was inclined to do so. Lastly, Young has not alleged sufficient (coherent) facts in his complaint to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Therefore, this action is DISMISSED albeit with leave to amend.[2]

## I.     **The IFP Motion**

An action may only proceed without concurrent payment of the filing fee if the party "submits an affidavit" that demonstrates an inability to pay and the court authorizes the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). While Section 1915(a)(1) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless allege

---

[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to screening and can order the dismissal of any claims it finds "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B).

"with some particularity" that he "cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citations omitted).

Here, Young is not entitled to *in forma pauperis* status.  First, as a threshold matter, Young has not submitted an "affidavit," 28 U.S.C. § 1915(a)(1)—*i.e.*, "a statement under oath in writing," *see Adkins*, 335 U.S. at 333 & n.1, relating to his ability to pay.  Second, Young has made no attempt at the required showing under Section 1915(a)(1).  Instead, he has simply requested a "waiver of all unjust coasts [*sic*] or filing fees under maxims of equity . . ." Dkt. No. 3.  As such, the Court cannot meaningfully assess whether Young is indigent.  Therefore, the IFP Motion, Dkt. No. 3, is DENIED WITHOUT PREJUDICE.

If Young elects to continue with this action, **he must fully complete and sign the Court's Application to Proceed *in forma pauperis*, or pay the civil filing fees in full by August 17, 2020.  Failure to do so will result in automatic dismissal of this action.**  28 U.S.C. § 1915(e)(2)(A) (establishing that a court "shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue."); In re *Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of *pro se* litigant's claim for failure to pay required filing fees).

## II.     Screening

Notwithstanding the foregoing, a complaint filed pursuant to 28 U.S.C. § 1915(a) is subject to mandatory, *sua sponte* review and dismissal if the Court determines the complaint, *inter alia*, is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  A claim falls in the former class when the claimant (i) asserts "a claim based on an indisputably meritless legal theory," or (ii) asserts an "infringement of a legal interest which clearly does not exist."  *Neitzke*, 490 U.S. at 327.  Claims are factually frivolous when they describe "fantastic or delusional scenarios."  *Neitzke*, 490 U.S. at 327–328; *accord Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational

or the wholly incredible[.]")).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (same standard under Section 1915A). As such, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court liberally construes a *pro se* complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court cannot act as counsel for a *pro se* litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A. Factual Allegations

Young's complaint, Dkt. No. 1, is vague, disjointed, and largely unintelligible. What Young does allege is that he "has mistakenly, and without being fully availed and acknowledged of his equitable defenses, been imputed serious liability" and "is now charged [and] awaiting conviction and sentence[ing]" on August 27, 2020, in

Case No. 3DCW-19-0002131 pending in the Third Circuit Court of Hawaii for the District of Hilo. *Id.* at 2. That case, *State v. Christopher Young*, No. DCW-19-0002131 (Haw. 3d Cir. Aug. 12, 2019), is a criminal proceeding in which the State of Hawaii has charged Young with criminal trespass of an enclosed premises and a bench trial is scheduled to commence on August 27, 2020.³ This proceeding is allegedly being conducted "without . . . due process protections." Dkt. No. 1 at 2.

Young further seeks "relief against all liability of the Estate as the surety or secondarily liable imposed [*sic*] upon him in all legal proceedings," particularly in the case of *State v. Christopher Young*, No. 3DTI-19-012486 (Haw. 3d Cir. Aug. 13, 2020), Dkt. No. 1 at 3. In that case, the court fined Young $210 for traffic infractions related to his vehicle's license plate, delinquent vehicle tax, and expired vehicle safety inspection under Haw. Rev. Stat. §§ 249-7, 249-2, and 286-25.

Young names as "respondents": (1) "CHRISTOPHER YOUNG[,] a registered organization . . . [and] a decedent's legal estate ("Estate") . . . . located [in] Denver, Colorado"; (2) "States of Hawai'i District [C]ourt Judges . . . at the [D]istrict of Hawai'i for the United States"; and (3) "the Administrators of the State of Colorado in connection with said Estate," Dkt. No. 1 at 2. Young asserts

---

³In determining the sufficiency of a complaint, a court may take judicial notice of "undisputed matters of public record," such as "documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

unspecified due process violations under the United States Constitution and seeks "purely equitable" remedies. *See id.* at 2–3. For example, among other things, Young seeks "exoneration of all liability and obligations imputed to [Young] by . . . operation of law, mistake, error or accident, under threat and duress, or fraudulent concealment by Respondents," and "subrogation of rights, title and interest of the United States of America (hereafter "Creditor") against [Young] with respect to an irrevocable obligation arising from a quasi trust relationship conducted" in *State v. Christopher Young*, No. 3DTI-19-012486. *See* Dkt. No. 1 at 2–3.

### B. Young's Complaint Is Dismissed

The Court dismisses this action for two reasons. First, a number of Young's claims are "frivolous." Second, Young has not alleged sufficient facts in "short and plain" terms, as required by Federal Rule of Civil Procedure 8(a), to support a claim under any principle of law. *Iqbal*, 556 U.S. at 678–79. This result is evidenced by Young's six principal requests in his prayer for relief. Dkt. No. 4–5.

1. Young has failed to state a claim entitling him to a "decree" protecting "all rights to subrogation of the equitable surety involving the subject matters obligation/debt" because Young has not set forth any facts identifying any surety, obligation, or debt. Nor has Young identified any legal basis for his (or any individual's) right to subrogation.

2. Young has not stated a claim for "exoneration from liability as secondarily liable to the Estate" because that claim, as best the Court can discern, stems from *State v. Christopher Young*, No. 3DTI-19-012486. That was a traffic infraction proceeding and it has nothing to do with the liability of any estate. But even if Young has been found liable to an estate in some other state court proceeding, his claim is frivolous because the *Rooker-Feldman* doctrine[4] bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from "inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007).

3. Young has failed to allege any legal or factual basis for the Court to issue a declaration of his "rights as sole exclusive heir to the same subject matter Estate."

4. Young's request for a "stay [in *State v. Christopher Young*, No. 3DTI-19-012486] as part of the exclusive discretionary powers and authorities at Justice Chambers" is frivolous because that case has been adjudicated and is closed. Assuming Young also asks the Court to stay the proceedings in *State v. Christopher Young*, No. DCW-19-0002131, the Court cannot do so because the Supreme Court's

---

[4]*Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

decision in *Younger v. Harris*, 401 U.S. 37, 43–44 (1971) "preclude[s] federal intrusion into ongoing state criminal prosecutions." *See, e.g.*, *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (listing three types of state proceedings in which *Younger* abstention applies); *see Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) ("[A]bstention may be raised by the court *sua sponte*."); *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (raising *Younger* abstention *sua sponte* for the first time on appeal); *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) ("We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves."); *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018).[5]  To the extent Young also seeks a "stay" of such proceedings pursuant to a

---

[5] Nothing suggests that there exists "bad faith, harassment, or a patently invalid state statute" that would make *Younger* abstention inappropriate.  *Sprint*, 571 U.S. at 77; *see Younger*, 401 U.S. at 49 ("[T]he injury that Harris faces is solely that incidental to every criminal proceeding brought lawfully and in good faith, and therefore . . . he is not entitled to equitable relief even if the statutes under which he was being prosecuted were unconstitutional" (internal quotation marks and citations omitted)).   Young's bare assertion that he has "no adequate or sufficient or speedy remedy at law," Dkt. No. 1 at 3, and that he "may be subject to unjust and irreparable harm," *id.* at 4, are both legal conclusions.   The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

9

"writ of habeas corpus," Dkt. No. 1 at 4, the Court lacks jurisdiction to grant such relief because it does not appear that, at the time this action was filed, Young was "in custody" for any of the criminal proceedings referenced in the complaint. *See, e.g.*, 28 U.S.C. §§ 2241(c), 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (*per curiam*); *Bailey v. Hill*, 599 F.3d 976, 978–79 (9th Cir. 2010); *see Tyars v. Finner*, 709 F.2d 1274, 1279 (9th Cir. 1983) (addressing issue of "custody" *sua sponte* because it is "jurisdictional").

5. Young is not entitled to an order sealing this action "to exclude the public and press," Dkt. No. 1 at 5; Dkt. No. 2, because Young has not complied with the procedures for making such a request under Local Rule 5.2. Moreover, the Court will not order the records sealed in any "related cases" (presumably those cases pending in state court), Dkt. No. 2, because this Court lacks the authority to do so, *see* 28 U.S.C. § 2283. Moreover, even if such an order could issue, the Court declines to intrude on the constitutional independence of the States and their courts. *See Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) ("Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting state courts to proceed."). Notwithstanding, Young underestimates the First Amendment right of the public to access judicial records and documents. *See, e.g.*, *Globe*

---

In this instance, as with Young's complaint as a whole, he must "allege more by way of factual content" to support his claims and requests for relief. *Id.* at 683.

*Newspaper Co. v. Superior Court*, 457 U.S. 596, 604–07 (1982); *Nixon v. Warner Communications*, 435 U.S. 589, 596–608 (1978); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Young has not articulated any "compelling reasons . . . to outweigh the public's interest in disclosure," such as, for example, a "factual" basis that the records might be used "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *See, e.g.*, *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (citation and internal quotation marks omitted); *Nixon*, 435 U.S. at 598–99; *see also Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Demaree*, 887 F.3d at 884–85 (quoting *Kamakana*, 447 F.3d at 1178–79). For these reasons, Young's Motion to Seal, Dkt. No. 2, is DENIED.

6. That leaves Young's fleeting reference to "due process" violations. *See* Dkt. No. 1 at 3–4. Young has failed to state a substantive due process violation because he has not alleged facts that would tend to suggest the government deprived him of a "fundamental" liberty interest. *See Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1993) (explaining that cognizable "fundamental rights and liberties" are those freedoms protected by the Bill of Rights as well as a number of

11

unenumerated rights, such as, *inter alia*, "the rights to marry"; "to have children"; and "to abortion"). Young has also failed to state a procedural due process claim because it is not clear: (1) what constitutionally protected liberty or property interest is at stake; (2) how he was deprived of that interest; and (3) what was inadequate about the procedure employed by a government official to deprive him of that interest. A State is permitted to deprive an individual of certain life, liberty, or property interests so long as adequate procedures are employed. *See, e.g.*, *Zinermon v. Burch*, 494 U.S. 113, 125 (1990); *Ingraham v. Wright*, 430 U.S. 651, 672–73 (1977); *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972).

Because the complaint fails to allege facts supporting a claim under any principle of law, the Court dismisses this action. However, because it may arguably be possible for Young to allege one or more plausible claims for relief, the Court will allow him leave to amend to attempt to do so. In that regard, the Court will mail Young a copy of a form complaint for use in a civil *pro se* proceeding, such as this one. Should Young choose to use the form, he should answer **all of the questions** clearly and concisely. More specifically, **Young should set out each claim under a separate label or heading**. Under each claim, Young must **write short, plain statements** telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the legal right(s) he believes were violated; (3) the name of the

defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of a defendant is connected to the violation of Young's right(s); (6) what specific injury he suffered because of a defendant's conduct; and (7) what relief he seeks. All facts must be alleged in the amended complaint if Young chooses to file one. Should Young choose to file an amended complaint, he may not incorporate any part of the original complaint, Dkt. No. 1, in the amended complaint. Rather, all allegations must be re-typed or re-written in their entirety. To the extent a claim is not re-alleged in an amended complaint, the claim may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*).

## CONCLUSION

Young's "Motion Requesting Waiver of All Unjust Coasts [*sic*]," Dkt. No. 3, construed as a *motion to proceed in forma pauperis*, is DENIED. Young's Motion to Seal, Dkt. No. 2, is DENIED. This action is DISMISSED with leave to amend as set forth herein.

Young may have until **August 17, 2020** to file an amended complaint. **The Court cautions Young that failure to file an amended complaint by August 17, 2020 may result in the automatic dismissal of this action without prejudice.**

The Clerk is directed to mail Young: (1) a copy of form "Pro Se 1" "Complaint

13

for a Civil Case"; and (2) a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240) and the accompanying instruction sheet so that he may comply with this Order.

IT IS SO ORDERED.

Dated: August 6, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Christopher Young v. States of Hawaii District Court Judges, et al.*; Civil No. 20-00335-DKW-RT; **ORDER (1) DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (2) DENYING MOTION TO SEAL; AND (3) DISMISSING ACTION WITH LEAVE TO AMEND.**