IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHRISTOPHER YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATES OF HAWAII DISTRICT COURT JUDGES, *et al.*,<br><br>　　　　Defendants. | Case No. 20-cv-00335-DKW-RT<br><br>**ORDER DISMISSING CASE**[1] |

On July 31, 2020, *pro se* Plaintiff Christopher Young filed, *inter alia*, a virtually unintelligible civil complaint against the "States of Hawaiʻi District [C]ourt Judges . . . at the [D]istrict of Hawaiʻi for the United States" and the "Administrators of the State of Colorado," Dkt. No. 1 at 2, as well as a wholly conclusory motion to proceed *in forma pauperis* (IFP Motion), Dkt. No. 3.  Accordingly, on August 6, 2020, the Court denied Young's IFP Motion and dismissed the complaint with leave to amend.  Dkt. No. 7 at 3, 13.  The Order gave Young until August 17, 2020 to (i) file a fully completed IFP Application or pay the civil filing fees in full; and (ii) file an amended complaint that addressed the deficiencies identified by the Court.  *Id*.  The Court cautioned Young that failure to do any one of these two tasks would

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

"result in automatic dismissal this action." *Id.* Young, however, has done neither. As a result, this action is DISMISSED WITHOUT PREJUDICE.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (affirming dismissal of *pro se* litigant's claim for failure to pay required filing fees); *accord* In re *Perroton*, 958 F.2d 889, 890 (9th Cir. 1992). Before dismissing such an action, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260–61). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

First, Young's failure to comply with the August 6, 2020 Order hinders resolution of this case on the merits, and, thus, the public's interest in expeditious resolution of litigation. As such, this factor favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in

expeditious resolution of litigation always favors dismissal.").

Second, Young's failure to comply with the August 6, 2020 Order impedes this Court's ability to manage its docket.  This Court cannot manage its docket if litigants, like Young, fail to timely comply with the Court's instructions and orders.  As such, this factor favors dismissal.

Third, the risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action.  *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991).  Here, Young has offered no explanation for his failure to comply with the August 6, 2020 Order.  When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal.  *See Yourish*, 191 F.3d at 991–92.  As a result, this factor favors dismissal.

Fourth, the Court attempted to avoid a less drastic alternative to dismissing this case when it provided Young with the opportunity to amend his complaint and guidance on how to do so, as well as an opportunity to either pay the civil filing fee or file a fully complete IFP Application. Moreover, the Court provided Young with both a copy of the Court's form Complaint for a Civil Case and a blank IFP Application.  Despite the Court warning him that failure to file an amended complaint *and* either pay the filing fee or file a completed IFP Application within

3

the time allowed may result in dismissal of this action, Young has not availed himself of either opportunity. Thus, the only alternative is to allow Young to proceed with allegations that do not state a claim and permit him to do so when he has neither paid the filing fee nor qualified for IFP status. The Court declines to do that. As a result, this factor favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining that less drastic alternatives were considered when the district court tried alternatives and warned the plaintiff that failure to comply would result in dismissal).

Finally, because public policy favors the disposition of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

In summary, with four of the five factors favoring dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the August 6, 2020 Order and failure to prosecute. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by the public policy in favor of resolving a case on the merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that "dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: August 18, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Christopher Young v. States of Hawaii District Court Judges, et al.*; Civil No. 20-00335-DKW-RT; **ORDER DISMISSING CASE**